**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRENT CROOK                                                                                    PLAINTIFF

v.                                            4:22-cv-00404-LPR-JJV

MARK GOBER, Sheriff, Drew County; and
SUSAN POTTS, Jail Administrator, Drew County                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky.   Any party may serve and file written objections to this Recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.     **DISCUSSION**

Brent Cook ("Plaintiff") is confined in the Drew County Detention Facility.   On May 3, 2022, he filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.   (Doc. 2.) After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

In the "Statement of Claim," Plaintiff says in total: "Mark Gober being sheriff of Drew County, Susan Pott's boss, refused visitation at the Drew County Jail, was booked in in [sic] January 2021, to present date."  (Doc. 2 at 4.)   I find this conclusory allegation is insufficient to plead a plausible § 1983 claim for relief for several reasons.

First, a § 1983 action can only be brought for a violation of a federal statutory or constitutional right.   42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). Plaintiff does not explain what federal statutory or constitutional right was allegedly violated.   He also does not say whether it was an attorney, family member, or other person that he could not visit.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").   And, the legal standard for pleading some constitutional violations depends on whether the plaintiff was a pretrial detainee or convicted prisoner.   But the Complaint does not provide that information.

Second, all plaintiffs must have standing to bring a claim.   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   If "a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011).   To establish standing, a plaintiff must show he "suffered an injury in fact that is fairly traceable to the defendant's challenged action" and the injury will be redressed by a favorable judgment." *Cross v. Fox,* 23 F.4th 797, 800 (8th Cir. 2022).   Plaintiff has not explained how he was injured by the lack of visitation with unspecified individuals.   Thus, he has not satisfied the standing requirement.

2

Third, there is no vicarious liability in § 1983 actions.   This means supervisors cannot be held vicariously liable for their subordinate's actions.   *Iqbal*, 556 U.S. at 676; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").   Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.   It appears Plaintiff is alleging Sheriff Gober denied him visitation rights.   But he has not provided any facts explaining how Jail Administrator Potts, through her own individual actions, violated his constitutional rights.

Finally, Plaintiff has sued Defendants in both their official and individual capacities. Official capacity claims "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).   Like supervisors, Drew County cannot be held vicariously liable for its employees actions in a § 1983 lawsuit.   *Id.*   Instead, Drew County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff does not say the denial of visitation was an official policy or custom, as opposed to an individual decision applying only to him.   Thus, he had not pled a plausible official capacity claim.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing them, provided him with a § 1983 form, and cautioned him that I would recommend dismissal if he failed to file an Amended Complaint containing a plausible claim.   (Doc. 3.)   The time to comply with my instructions has expired,

and Plaintiff has not done so.

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.      The Court recommend that dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 21st day of June 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit recently held that decision of whether a dismissal should be counted as a strike is for the later judge who must determine if the prisoner is barred from proceeding *in forma pauperis*.

4